UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GERTRUDE JEAN PIERRE,

                    Plaintiff,

         -against-

MACY'S INC., PRUDENTIAL, MACY'S COBRA,
DAVID PAROLA, DANIEL NISKI, JACQUELYN
PETRUCELLI, PAUL YOUNG, ADP, LLC,

                    Defendants.
-------------------------------------------------------------------X

For Online Publication Only

**ORDER**
16-CV-2556 (JMA) (AKT)

FILED
CLERK
11/23/2016 11:01 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

      Before the Court are defendants' motions to compel arbitration and stay the balance of the proceedings. For the reasons that follow, defendants' motion to compel arbitration is granted. Defendants' motion to stay the balance of the proceedings is denied.

      Additionally, pro se plaintiff Gertrude Jean Pierre has filed a motion to transfer this case to the Southern District of New York, three applications for preliminary injunctive relief, and a motion to appoint pro bono counsel to represent her in this case. Plaintiff's motion to transfer venue and motions for injunctive relief are denied. Plaintiff's application for the appointment of pro bono counsel is denied without prejudice, with leave to renew at the time this case is marked ready for trial, if so warranted at that time.

## I. BACKGROUND

      In 2003, Macy's Retail Holdings, Inc. ("Macy's") developed and implemented an early dispute resolution program known as the Solution InSTORE Program ("SIS Program"). The SIS Program provides a four-step process for resolving employees' work-related disputes:

      *Step 1*: Employees are encouraged to bring their concerns to a supervisor or local

1

management team member for discussion and resolution.

*Step 2*: The employee submits a written request for review to the Office of Senior Human Resources Management. A human resources executive not involved in the underlying decision conducts an investigation.

*Step 3*: If the claim involves layoffs, harassment, discrimination or other alleged statutory violations, the request is directed to the SIS Office where a trained professional investigates it. Other disputes may be submitted to a Peer Review Panel. In either case, the dispute is heard by either the SIS Office or a Peer Review Panel, not local management.

*Step 4*: Disputes are submitted to binding arbitration before a neutral arbitrator. All employees are given the opportunity to opt out of arbitration by completing a one-page form and mailing it to the SIS Office within thirty (30) days from their date of hire. If an employee does not submit the opt-out form within thirty (30) days, she agrees to arbitration as a term and condition of her continued employment.

(Melody Decl. ¶ 8, ECF No. 36.)

When an employee is hired by Macy's, the employee is given thirty (30) days to opt-out of the arbitration program set out in Step 4. (Id. ¶ 10.) If an employee does not opt out of arbitration within thirty (30) days, "all employment-related legal disputes, controversies or claims arising out of, or relating to, employment or cessation of employment, whether arising under federal, state or local decisional or statutory law . . . shall be settled exclusively by final and binding arbitration." (Id., Ex. A, 6.) Arbitration under the SIS Program includes "claims arising under . . . Title VII of the Civil Rights Act of 1964 ['Title VII'], the Americans with Disabilities Act ['ADA'], [and] the Family and Medical Leave Act ['FLMA']," but excludes claims arising under an "employee benefit plan." (Id., Ex. A, 6–7.)

Plaintiff began working at Macy's on July 24, 2012 and was terminated on October 30, 2015. At all relevant times, the SIS Program was in effect. As explained more fully below, Macy's has introduced evidence showing that plaintiff was notified of the SIS Program, but did

2

not opt out of the Program. Plaintiff attempts to dispute this by asserting, in her Opposition Memorandum, that she did, in fact, opt out of the SIS Program.

Plaintiff brings this suit against her former employer, Macy's, alleging, among other things, that she was wrongfully terminated. Plaintiff alleges that she was discriminated against based on her race, color, national origin, and temporary disability in violation of Title VII, 42 U.S.C. §§ 2000e to 2000e-17, the ADA, 42 U.S.C. §§ 12112–17, the New York State Human Rights Law, N.Y. Exec. Law §§ 290–97, and the New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 8-131. She also claims that she was retaliated against for taking medical leave. Additionally, she alleges breach of contract, racketeering, "violation of life event," and that her Consolidated Omnibus Budget Reconciliation Act ("COBRA") benefits were improperly terminated. (Compl., 1–3, ECF No. 1.)

## II. DISCUSSION

### A. Motion to Transfer Venue

Plaintiff has filed a motion to transfer venue to the Southern District of New York, where she had originally filed this action. (ECF No. 33.) The Honorable Vincent L. Briccetti sua sponte transferred this case to this district pursuant to 28 U.S.C. §§ 1391(b) and 1406(a). (Transfer Order dated May 17, 2016, ECF No. 5.)

Generally, "[m]otions to retransfer are highly disfavored under the doctrine of law of the case." Gorzynski v. JetBlue Airways Corp., 10 F. Supp. 3d 408, 412 (W.D.N.Y. 2014) (explaining that courts do not revisit another court's transfer order unless it was "manifestly erroneous" or unless the circumstances are particularly impelling or unusual); see also Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988) ("[T]ransferee courts that

3

feel entirely free to revisit transfer decisions of a coordinate court threaten to send litigants into a vicious circle of litigation.").

Because Judge Briccetti did not hear plaintiff prior to ordering that the case be transferred, I have conducted a de novo review of plaintiff's motion to transfer venue. Upon de novo review, I find that transfer to this venue was appropriate. Therefore, plaintiff's motion to transfer venue is denied.

### B. Motion to Compel Arbitration

#### 1. Legal Standard for Motions to Compel Arbitration

Defendants move to compel arbitration of plaintiff's employment-related claims.

Pursuant to § 3 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3, "a district court must stay proceedings if satisfied that the parties have agreed in writing to arbitrate an issue or issues underlying the district court proceeding." McMahan Sec. Co. L.P. v. Forum Capital Mkts. L.P, 35 F.3d 82, 85 (2d Cir. 1994). In analyzing whether an arbitration agreement is enforceable under the FAA, a court must determine (1) whether the parties agreed to arbitrate, (2) the scope of that agreement, and (3) if federal statutory claims are asserted, whether Congress intended to make any federal claims non-arbitrable. Genesco, Inc. v. T. Kakiuchi & Co., Ltd., 815 F.2d 840, 844 (2d Cir. 1987).

Arbitration clauses in employment contracts, other than those of transportation workers, are enforceable under the FAA. EEOC v. Waffle House, Inc., 534 U.S. 279, 289 (2002); see also Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 123 (2001) ("The Court has been quite specific in holding that arbitration agreements can be enforced under the FAA without contravening the policies of congressional enactments giving employees specific protection against discrimination

4

prohibited by federal law . . . ."). Furthermore, the parties do not dispute that all but plaintiff's COBRA claims fall within the scope of the arbitration agreement, which applies to "all employment-related legal disputes." The only remaining question is thus whether a valid agreement to arbitrate exists.

"Because an agreement to arbitrate is a creature of contract . . . the ultimate question of whether the parties agreed to arbitrate is determined by state law." Bell v. Cendant Corp., 293 F.3d 563, 566 (2d Cir. 2002); see also First Options of Chicago, Inc.. v. Kaplan, 514 U.S. 938, 944 (1995) ("When deciding whether the parties agreed to arbitrate a certain matter . . . courts generally . . . should apply ordinary state-law principles that govern the formation of contracts."). None of the parties dispute that New York law applies.

Under New York law, "[a] contract may be formed by . . . conduct that demonstrate[s] the parties' mutual assent." Manigault v. Macy's East, LLC, 318 F. App'x 6, 8 (2d Cir. 2009) (citing Beth Israel Med. Ctr. v. Horzion Blue Cross & Blue Shield of N.J., 448 F.3d 573, 582 (2d Cir. 2006) and Maas v. Cornell Univ., 94 N.Y.2d 7, 93–94 (1999)).

Motions to compel arbitration under the FAA are evaluated by a standard similar to that on a motion for summary judgment. Bensadoun v. Jobe-Riat, 316 F.3d 171, 175 (2d Cir. 2003). "If there is an issue of fact as to the making of the agreement for arbitration, then a trial is necessary." Id. (citing 9 U.S.C. § 4). However, "[i]f the party seeking arbitration has substantiated the entitlement by a showing of evidentiary facts, the party opposing may not rest on a denial but must submit evidentiary facts showing that there is a dispute of fact to be tried." Oppenheimer & Co., Inc. v. Neidhardt, 56 F.3d 352, 358 (2d Cir. 1995); see also Manning v. Energy Conversion Devices, Inc., 833 F.2d 1096, 1103 (2d Cir. 1987) ("[A] party resisting

5

arbitration on the ground that no agreement to arbitrate exists must submit sufficient evidentiary facts in support of [its] claim in order to precipitate [a] trial . . . .").

**2. Analysis**

Defendants argue that plaintiff manifested her assent to arbitration by declining to opt out of the SIS Program despite being informed through multiple channels that she had thirty days to do so. Numerous courts in this Circuit have found that Macy's employees who were notified of their right to opt out of the arbitration provision of the SIS Program, but failed to do so, agreed to arbitrate their claims. See, e.g., Manigault, 318 F. App'x at 8; DuBois v. Macy's East Inc., 338 F. App'x 32 (2d Cir. 2009); Feroce v. Bloomingdale's Inc., No. 12-CV-5014, 2014 WL 294199 (E.D.N.Y. Jan. 24, 2014); Teah v. Macy's Inc., No. 11-CV-1356, 2011 WL 6838151 (E.D.N.Y. Dec. 29, 2011).

Plaintiff was made aware of the SIS Program and her ability to opt out in various ways: (1) plaintiff received a New Hire Brochure that contained a summary of the SIS Program and a document describing the SIS Program in detail ("Plan Document"); (2) plaintiff received an Election Form (i.e., an opt-out form), which described how to opt out of the SIS Program and the prescribed period of time for doing so; (3) plaintiff electronically signed the SIS New Hire Acknowledgement form, which confirmed that she was aware of the thirty (30) day opt-out window and had received both the New Hire Brochure and SIS Plan Document; (4) plaintiff was shown a new hire informational video regarding the SIS Program during new hire orientation; and (5) a poster describing the SIS Program was prominently displayed at her work throughout her employment. (Melody Decl. ¶¶ 14–30, ECF No. 36.)

Defendants have submitted evidence showing that plaintiff did not submit an Election

6

Form to Macy's within thirty (30) days indicating that she wished to opt out of the SIS Program. Defendants submitted a declaration from Matthew Melody, a Senior Manager in the Associate Relations Department of Macy's SIS Program. (Id. ¶ 2) Melody is responsible for the management and administration of the SIS Program, which includes determining whether a particular employee chose to participate in binding arbitration. (Id. ¶ 3.) Melody stated that once an opt-out form is received, it is date-stamped, reviewed for completeness, and electronically entered into Macy's PeopleSoft Human Resource System database. (Id. ¶ 31.) Hard copies of the opt-out form are stored in file cabinets located in the SIS Program office. (Id. ¶ 32.) Melody personally reviewed the database and the appropriate file cabinet and found no opt-out form from plaintiff. (Id. ¶ 33.)

In the face of this evidence, plaintiff asserts in her Opposition Memorandum that she received an opt-out form when she was hired, but that she "opted out of it" and "handed her decision" back to a Macy's employee. (Opp'n Mem., 12, ECF No. 45.) Plaintiff, however, has not submitted any affidavit or other admissible evidence in support of this assertion. Plaintiff's assertions in her brief are not sufficient to create a genuine issue of fact with regard to whether she opted out of binding arbitration. The only evidence before Court shows that plaintiff failed to opt out.[1]

Plaintiff manifested her assent to arbitrate through her conduct when she failed to opt out of arbitration during the prescribed time period. See Manigault, 318 F. App'x at 8.

---

[1] Even if plaintiff had submitted a sworn affidavit attesting that she "opted out of it" and "handed her decision" to a Macy's employee, that likely would have been insufficient to raise a disputed factual issue on the question of whether she opted out of the SIS Program. See DuBois, 338 F. App'x at 33 (holding that plaintiff's conclusory assertions in affidavit that he had submitted an opt-out form, without more, did not "create a genuine issue of fact" as to whether he opted out of binding arbitration when Macy's submitted an affidavit from a human resources employee stating that Macy's files had been reviewed and no opt-out form had been recovered).

Accordingly, defendants' motion to compel arbitration of the employment-related claims is granted.

With the exception of plaintiff's COBRA claim, all of her claims are stayed pending the completion of arbitration. See Teah, 2011 WL 6838151, at *8 (quoting Salim Oleochemicals v. M/V Shropshire, 278 F.3d 90, 92–93 (2d Cir. 2002)) ("In light of the fact that the Second Circuit has expressed the view that '[u]nnecessary delay of the arbitral process through appellate review is disfavored,' the Court believes a stay is more appropriate than the dismissal requested by Macy's."); see also Feroce, 2014 WL 294199, at *5 (citing Teah, 2011 WL 6838151).

**C. Motion to Stay the Balance of the Proceedings**

Defendants ask the Court to stay plaintiff's COBRA benefits claim pending the completion of arbitration of plaintiff's employment-related claims.

The Court has discretion to stay non-arbitrable claims if it concludes that some, but not all, of the claims in a case are arbitrable. Guyden v. Aetna, Inc., 544 F.3d 376, 382 (2d Cir. 2008) ("[I]f the court concludes that some, but not all, of the claims in the case are arbitrable, it must then decide whether to stay the balance of the proceedings pending arbitration."); see also Genesco, 815 F.2d at 856 ("The decision to stay the balance of the proceedings pending arbitration is a matter largely within the district court's discretion to control its docket."). "A stay is usually appropriate where arbitrable and non-arbitrable claims arise out of the same set of facts and arbitration may decide the same facts at issue in the litigation." Louis Berger Grp., Inc. v. State Bank of India, 802 F. Supp. 2d 482, 489 (S.D.N.Y. 2011). The movant bears the burden of establishing issues common to arbitration and the courts. Id. at 490 (citing Argus Media Ltd. v. Tradition Fin. Servs. Inc., No. 09-CV-7966, 2009 WL 5125113, at *3 (S.D.N.Y. Dec. 29, 2009)).

"If the movant meets this burden, it must then show that 'it will not hinder arbitration, that the arbitration will be resolved within a reasonable time, and that any delay that may occur will not cause undue hardship to the nonmoving party.'" Id. (citing Birmingham Assocs. Ltd. v. Abbott Labs., 547 F. Supp. 2d 295, 302 (S.D.N.Y. 2008), aff'd, 328 F. App'x 42 (2d Cir. 2009)).

Defendants have failed to identify any common issues between plaintiff's employment-related claims and her COBRA benefits claim. Defendants state "[h]er claims that her COBRA benefits were improperly terminated are secondary to the arbitrable employment-related claims, and are dependent upon resolution of her arbitrable claims." (Supplemental Mem. in Supp., 4, ECF No. 43.) These conclusory assertions fail to establish how facts surrounding plaintiff's termination, performance, and the workplace environment at Macy's will overlap with facts regarding premiums for benefits, which only began after plaintiff was already terminated from Macy's. Plaintiff's COBRA claim is independent of the employment-related claims—whether plaintiff was wrongfully terminated has no bearing on whether she was properly notified of her obligation to pay her insurance premiums by a particular date. The Court is aware that the parties agreed to request that any non-arbitrable claims be stayed as part of the terms of their arbitration agreement. However, the Court finds that there are simply not enough issues in common between plaintiff's employment-related claims and her COBRA claim to justify exercising its discretionary power to stay the latter at this time. Defendants' motion to stay the COBRA claim pending the completion of arbitration of plaintiff's employment-related claims is denied.

### D. Motions for Injunctive Relief

Plaintiff has submitted three applications for preliminary injunctive relief: two against defendant ADP, LLC, and one against an individual named James Bouklas.

9

"Generally, a party seeking a preliminary injunction must demonstrate that it will suffer irreparable harm absent injunctive relief and either (1) that it is likely to succeed on the merits of the action, or (2) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, provided that the balance of hardships tips decidedly in favor of the moving party." Mullins v. City of New York, 626 F.3d 47, 52–53 (2d Cir. 2010).

Plaintiff's applications for injunctive relief fail on several grounds. First, the Court is unable to discern from her first and second submissions what particular relief she seeks against ADP. Plaintiff requests a "permanent restraining order against ADP, LLC to bar it from destroying [her] employability," (Motion for Temporary Restraining Order, 1, ECF No. 48), but fails to describe precisely what an injunction would require ADP to do or refrain from doing. Next, the Court notes that plaintiff's third application seeks an injunction against James Bouklas, an individual who is not a party in this case. Although this application describes the relief sought, i.e., an injunction that would require Bouklas to remove an online posting, the Court cannot order injunctive relief against a non-party. See Justice v. Kuhnapfel, 985 F. Supp. 2d 334, 343 n.4 (E.D.N.Y. 2013) (citing Phelan v. Sullivan, No. 10-CV-0724, 2011 WL 2118696 (N.D.N.Y. May 24, 2011) ("Except in limited circumstances, not relevant here, a court may not order injunctive relief as to non-parties to an action."); see also Fed. R. Civ. P. 65(d) ("Every order granting an injunction . . . binds only . . . the parties . . . ."). Moreover, plaintiff has offered no evidence to support her assertion that she is likely to suffer irreparable harm if either injunction is denied. Additionally, she has failed to demonstrate that her claim against ADP is likely to succeed on the merits. Accordingly, all three applications for injunctive relief are denied.

**E. Appointment of Counsel**

Plaintiff has submitted an application requesting the appointment of pro bono counsel.

Pursuant to 28 U.S.C. § 1915(e)(1), courts may appoint an attorney to represent someone who is unable to afford counsel. Courts possess broad discretion when determining whether appointment is appropriate, "subject to the requirement that it be 'guided by sound legal principle.'" Cooper v. A. Sargenti Co. Inc., 877 F.2d 170, 171−72 (2d Cir. 1989) (quoting Jenkins v. Chem. Bank, 721 F.2d 876, 879 (2d Cir. 1983)). The Second Circuit set forth the principle as follows:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge v. Police Officers, 802 F.2d 58, 61−62 (2d Cir. 1986).

The Second Circuit also held that these factors are not restrictive, and that "[e]ach case must be decided on its own facts." Id. at 61. A developed record assists the court in this regard. See Brooks v. New York, 92-CV-1508, 1992 WL 320402, at *3 (S.D.N.Y. Oct. 29, 1992) (denying, without prejudice, appointment of counsel based on failure to satisfy requisite showing of likely merit).

The Court has reviewed plaintiff's application together with the pleadings and other filings in this case and finds that the appointment of counsel is not warranted at this stage of the litigation. The Court has considered the Hodge factors in the context of plaintiff's application and complaint. Even assuming that the threshold requirement of Hodge is satisfied, the Court is unable, at this

11

juncture, to conclude that the appointment of counsel is warranted. Specifically, despite the concerns raised in plaintiff's motion, the Court concludes that plaintiff is able to prosecute her case at this stage of the litigation. In reaching this determination, the Court finds that plaintiff has proven able to pursue her case, and that there is no special reason to appoint counsel.

Accordingly, plaintiff's application for appointment of counsel is denied without prejudice to renew the application when this case is ready for trial, if circumstances warrant such an application. In the alternative, plaintiff may choose to hire her own counsel to represent her in this matter.

**F.   Service of All Defendants**

The Court notes that plaintiff has not filed proof of service with regard to defendants Prudential and Paul Young. This issue is separate and distinct from the various motions addressed above.

> Rule 4(m) of the Federal Rules of Civil Procedure provides:
>
> If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The Court's docket does not reflect service of the summons and complaint upon defendants Prudential and Young. Accordingly, if service was not made upon Prudential and Young by August 8, 2016, or if plaintiff fails to show good cause why such service has not been effected, the claims against Prudential and Young will be dismissed without prejudice. Plaintiff shall file proof of such service with the Court within two (2) weeks from the date of this Order and her failure to timely comply with this directive will lead to the dismissal of her claims

against Prudential and Young without prejudice. Alternatively, plaintiff may request an extension of time to effect service and shall include the reason(s) for the delay in service of these defendants. Such request shall be made within two (2) weeks from the date of this Order.

### III. CONCLUSION

For the reasons set forth above. Plaintiff's motion to transfer venue is denied. Defendants' motion to compel arbitration is granted. Defendants' motion to stay plaintiff's COBRA claim is denied. Plaintiff's applications for injunctive relief are denied and her application for the appointment of pro bono counsel is denied without prejudice.

Plaintiff is further ordered to file proof of service of the summons and complaint upon defendants Prudential and Young with the Court within two (2) weeks from the date of this Order. Her failure to timely comply with this directive will lead to the dismissal of her claims against Prudential and Young without prejudice. Alternatively, plaintiff may request an extension of time to effect service and shall include the reason(s) for the delay in service of these defendants. Such request shall be made within two (2) weeks from the date of this Order.

**SO ORDERED**.

Dated: November 23, 2016
Central Islip, New York

/s/ JMA
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE

13